13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 THE F & M BANK & TRUST COMPANY, Plaintiff-Appellant,
v.
Duane HIGGINS, doing business as Duane Higgins Inc., doing
business as Duane Higgins Construction Company,
Inc., Defendant-Appellee.
 No. 93-5122.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 5, 1994.
 
 Before SEYMOUR, C.J., McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 The F & M Bank & Trust Company ("F & M") appeals a federal district court's affirmance of a bankruptcy court's order abandoning a certain asset from a bankruptcy estate. F & M is the only creditor in this bankruptcy action. The abandoned asset at issue is a pending civil state law claim brought by the debtor, Mr. Higgins, against the sole creditor, F & M, prior to the bankruptcy filing.
 
 
 3
 On appeal, F & M argues that the bankruptcy court failed to make the requisite factual findings before ordering abandonment. Specifically, F & M contends that the bankruptcy court failed to find that the cost of administering the asset outweighs its benefit to the estate. F & M further alleges that the bankruptcy court erred in considering the unique circumstances of this case when determining the asset's value, or benefit to the estate.
 
 
 4
 We believe that the bankruptcy court did specifically make the requisite findings, and that it properly considered the unique circumstances of this case in finding that the asset's benefit to the estate was negligible. Because the exact two parties that make up the creditor and the debtor in this suit are involved in the separate civil suit, counting the civil suit as an asset would result in administrative burden for the estate without any real benefit--the only result would be an additional shuffling of money between the same parties. Furthermore, the creditor in this case is simply trying to profit from the risk inherent in the pending litigation. Because the civil suit is still pending, it has some value to the debtor because he may ultimately prevail on the merits. Thus, since the creditor is the same party that is being sued in the civil suit, it is hoping to receive the present value of the suit from the debtor, and then win the civil suit on the merits--the sum total being that the creditor profits from being sued prior to debtor's bankruptcy filing. Under these circumstances, it was appropriate for the bankruptcy court to consider the asset abandoned and let the parties settle their state disputes outside of the bankruptcy proceeding.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----